UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOSEPH BAXA,

Petitioner,

v.

TIMOTHY O'DELL, Warden,

Respondent.

Civil No. 00-2459 (DSD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).

By Order dated November 9, 2000, (Docket No. 2), the Court directed that Petitioner's original habeas corpus petition, (Docket No. 1), be returned to him pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases In The United States District Courts.[1] The original petition was returned because it was not submitted on the form prescribed for use in this district, as required by Local Rule 9.3. (See also Rule 2(c) of The Rules Governing Section 2254 Cases In The United States District Courts.)

[1] Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED 12-6-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court's prior order informed Petitioner that he would be given an opportunity to file an amended petition. He was further informed that his amended petition would have to be submitted on the prescribed form, and that "[e]ach individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form." To assist Petitioner, the Clerk of Court was directed to send him a copy of the proper form to be used for his amended petition. The Court's prior order cautioned Petitioner that if he did not submit a proper amended petition by November 30, 2000, it would be recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing an amended petition has now passed, and to date no amended petition has been filed. Instead, Petitioner has resubmitted his original petition, together with a document entitled "Objection To The Magistrate Judge's Order." (Docket No. 3.) It appears from Petitioner's "Objection" that, notwithstanding the unequivocal instruction of the Court's prior order, he has no intention of filing an amended petition.

The Court's insistence that Petitioner use the prescribed form, (or that his petition at least be in substantial conformity with the prescribed form), is not based on a blind devotion to arbitrary rules. As was explained in the prior order, the prescribed form serves several useful purposes. It directs a habeas petitioner to (a) provide relevant information about the procedural history of his case, (b) set forth his individual claims for relief in a succinct and readily identifiable manner, and (c) include a brief discussion of the factual and legal bases for each individual claim. Because Petitioner has deliberately refused to follow the prescribed form, both the Respondent and the Court are deprived of the benefits

that the form is intended to provide.

The Court specifically notes that Petitioner's previously rejected habeas corpus application does not clearly identify each individual ground for relief. Instead of listing and explaining each separate claim, the amended petition seems to conflate several different claims into a single amalgamated claim that is largely incomprehensible. Neither the Respondent nor the Court should have to try to untangle and decipher Petitioner's various convoluted claims. The rejected petition also provides insufficient information about the factual and procedural history of Petitioner's case. While Petitioner may believe that such information is irrelevant, that does not excuse him from providing such information in his habeas petition – especially when he is required to do so by a federal rule, a local rule, and a Court order.[2]

The Court's prior order expressly advised Petitioner that if he did not file an amended petition conforming to the requirements of the order, it would be recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b). In light of Petitioner's deliberate refusal to comply with the prior order, the Court finds no reason to afford Petitioner any further opportunity to submit a proper petition. Instead, it will be

---

[2] In his "Objection," Petitioner contends that the Court's prior order should be stricken, because it allegedly causes him to be treated differently from similarly situated inmates whose habeas petitions have been assigned to a different magistrate judge, (Chief Magistrate Judge Noel). This argument might evoke greater sympathy, if other inmates had been treated differently with regard to some substantive legal issue. That, however, is not the case. At most, Petitioner has been treated somewhat differently with respect to a purely procedural matter -- namely, the required format for submitting his claims to the Court. The merits of Petitioner's substantive claims, (whatever those claims might actually be), have not even been considered yet, so Petitioner cannot contend that his substantive legal claims have been (or will be) resolved differently from similar claims presented to another judge.

recommended that this action be summarily dismissed, for failure to comply with Local Rule 9.3 and the Court's prior order. Because Petitioner's habeas claims have not been addressed on the merits, it will be recommended that the action be dismissed without prejudice. Thus, if Petitioner should at some time in the future elect to submit his claims on the prescribed form for § 2241 habeas corpus petitions, he will be allowed to commence a new action.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be DISMISSED WITHOUT PREJUDICE.

Dated: December 5, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 22, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.